# IN THE COURT OF APPEALS OF IOWA

No. 20-1654
Filed November 23, 2021

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ROSS EDWARD THORNTON,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jefferson County, Gregory G. Milani, Judge.

Ross Thornton appeals his conviction of first-degree robbery. **AFFIRMED.**

Andy Dunn of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by May, P.J., Ahlers, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DOYLE, Senior Judge.**

At 1:13 p.m. on June 1, 2018, a masked gunman entered the Pilot Grove Savings Bank in Packwood. Brandishing a handgun and carrying a cloth sack, the robber demanded that a bank employee fill up the cloth sack with money. The bank employee complied. Surveillance video from the area showed the vehicle involved in the robbery. Using vehicle registration records and the physical description of the robber, law enforcement identified Ethan Spray as the suspect. Spray was arrested in October 2018.

About eight months later, a year after the robbery, Spray began cooperating with law enforcement. He pled guilty and agreed to testify against Ross Thornton in exchange for a reduced sentence. According to Spray, Thornton was one of two accomplices involved in the planning and aftermath of the robbery. Spray identified Thornton as the person who drove him to and from the bank on the day of the robbery.

A jury found Thornton guilty of aiding and abetting robbery in the first degree. On appeal, Thornton challenges the sufficiency of the evidence supporting the verdict. We review a challenge to the sufficiency of the evidence for correction of errors at law. *See State v. Robinson*, 859 N.W.2d 464, 467 (Iowa 2015). We affirm if substantial evidence supports the jury's finding of guilt. *See id.* We consider the entire record, not just the evidence supporting the verdict, but we view the evidence in the light most favorable to the State. *See id.* Evidence is substantial if it could convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *See id.*

Thornton claims there is insufficient evidence of his guilt because there is no evidence connecting him to the robbery aside from Spray's testimony. Because Spray is an accomplice, Thornton cannot be convicted based on his testimony alone; there must be evidence to corroborate Spray's testimony. *See* Iowa R. Crim. P. 2.21(3). The corroborating evidence must show more than just the commission of the offense or the circumstances therefore. *See* Iowa R. Crim. P. 2.21(3). But it need not be strong or entirely inconsistent with a defendant's innocence. *See State v. Bugely*, 562 N.W.2d 173, 176 (Iowa 1997). The question before us is whether other evidence supports some material part of Spray's testimony and tends to connect Thornton to the robbery. *See id.*

There is evidence corroborating material parts of Spray's testimony that connects Thornton to the robbery. Facebook messages exchanged between Thornton and Spray show they planned to meet at 11:30 a.m. on the day of the robbery, and Thornton sent Spray messages at 11:38 a.m. and 12:05 p.m. telling him to "[h]urry up." Spray testified it took about forty or forty-five minutes to drive from Thornton's home to Packwood. Cellphone records show Thornton's cellphone received or placed several calls using the Packwood cellphone tower between 12:54 p.m. and 1:16 p.m. on the day of the robbery. About five minutes after the robbery, a witness saw a vehicle matching the description of Spray's sedan speeding away from Packwood before it turned from the paved highway onto a gravel road and then parking in front of a black pickup truck about a half-mile from the highway. The witness drove by and saw two men exit the sedan, one carrying white sacks, and his description of the truck is like one owned by Thornton. And when law enforcement executed a search warrant for Thornton's

home, they found $55,000 in cash. Thornton told law enforcement that Spray gave him the money but denied involvement in the robbery.

Thornton makes an ardent attempt to explain away or undermine the evidence against him. He highlights inconsistencies in Spray's testimony, argues Spray's character is tarnished, emphasizes Spray's motivation to implicate Thornton in order to receive a lesser sentence, and claims Spray's methamphetamine use impacted his memory. Thornton also cites evidence that points to his innocence. For instance, he notes the alibi evidence provided by a friend's twelve-year-old daughter, who spent the day at Thornton's house and claimed Thornton was there the entire time. He also notes that the witness who saw Spray's vehicle outside of town did not identify Thornton as one of the two men exiting it; one man matched Spray's description, but the witness stated that the tattoo he saw on the second man's right forearm did not match a tattoo on Thornton's right forearm. Thornton's arguments go to how much credibility to assign the corroborating evidence, not to its existence. *See id.* (noting the existence of corroborating evidence is a legal question for the court, and its sufficiency is a question of fact for the jury). The State "need not establish corroborative evidence beyond a reasonable doubt." *State v. Hoeck*, 547 N.W.2d 852, 859 (Iowa Ct. App. 1996). Corroborating evidence need not confirm every material fact to which the accomplice testifies. *See State v Brown*, 397 N.W.2d 689, 695 (Iowa 1986). "[A] small amount of corroborative evidence is all that is required." *State v. Shortridge*, 589 N.W.2d 76, 80 (Iowa Ct. App. 1998). And any inconsistencies in corroborative testimony are for the jury to resolve. *See State v. Cuevas*, 281 N.W.2d 627, 631 (Iowa 1979) (rejecting argument that "corroboration

testimony was weak and suspect" because "we do not purport to assess the credibility of the witnesses; that is for the jury").

In applying the above principles, we conclude the State provided sufficient corroborating evidence. Spray's accomplice testimony is not "so impossible, absurd, and self-contradictory" that we can disregard it. *See State v. Mitchell*, 568 N.W.2d 493, 503 (Iowa 1997). And although there is evidence from which a trier of fact could find Thornton not guilty, when viewed in the light most favorable to the State, substantial evidence supports the jury's verdict. We therefore affirm.

**AFFIRMED.**